■ In the Matter of QABAIL HIZBULLAHANKHAMON, Petitioner, v BRIAN FISCHER, Commissioner, New York State Department of Correctional Services, Respondent. [876 NYS2d 795]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Mark H. Dadd, A.J.], entered July 17, 2008), to annul a determination of respondent. The determination found after a tier III hearing that petitioner violated various inmate rules.

It is hereby ordered that the determination is unanimously annulled on the law without costs, the amended petition is granted, and respondent is directed to expunge from petitioner's institutional record all references to the violation of inmate rules 113.22 (7 NYCRR 270.2 [B] [14] [xii]), 113.23 (7 NYCRR 270.2 [B] [14] [xiii]) and 114.10 (7 NYCRR 270.2 [B] [15] [i]).

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination that he violated various inmate rules relating to his alleged possession of contraband, i.e., a pornographic videotape, and the smuggling of that contraband. We agree with petitioner that the determination is not supported by substantial evidence (*see generally People ex rel. Vega v Smith*, 66 NY2d 130, 139 [1985]). The charges were based on allegations that, while petitioner was distributing food at the correctional facility, another inmate placed a commissary bag on petitioner's cart. A correction officer who searched the bag found a pornographic video in it. Although a misbehavior report may by itself constitute substantial evidence of guilt (*see id.* at 140-141), here there was no evidence that petitioner had possession of the videotape or that he and the other inmate were attempting to smuggle it (*see generally Matter of Sanchez v Coughlin*, 132 AD2d 896 [1987]). Indeed, the record establishes that, based on the order of the correction officer, petitioner immediately delivered his cart with the bag to the correction officer and, according to the correction officer, petitioner never touched the bag or otherwise took possession of it. Furthermore, there was no evidence of a scheme between petitioner and the other inmate to smuggle the videotape. Thus, we agree with petitioner that the determination that he violated the inmate rules in question is not supported by substantial evidence. Present—Martoche, J.P., Fahey, Green, Pine and Gorski, JJ.