In the Matter of DAVID LORET, Petitioner, v NORMAN BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [915 NYS2d 656]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate, worked in the prison soap factory. Another inmate, who was the soap factory clerk, falsified payroll records by inflating the number of hours certain inmates worked so that they would receive increased wages. Petitioner was one of these inmates. As a result, he was charged in a misbehavior report with stealing. He was found guilty of the charge following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

Upon reviewing the record, we are constrained to agree with petitioner that substantial evidence does not support the determination of guilt. The soap factory clerk testified at the hearing that a civilian instructed him to falsify the payroll records of certain inmates in the soap factory in order to give them an increase in pay. Although the inmate did not identify the civilian who purportedly authorized the alterations, he indicated

that petitioner had nothing to do with it. While credibility determinations are within the province of the Hearing Officer (*see Matter of Douglas v Foster*, 289 AD2d 656, 657 [2001]) and the Hearing Officer chose to discredit the testimony of the soap factory clerk, there is nothing in the record before us to establish that petitioner had knowledge of the payroll alterations or that he conspired with the soap factory clerk to obtain a monetary benefit. Consequently, the determination must be annulled (*see e.g. Matter of Cochran v Bezio*, 70 AD3d 1161, 1161 [2010]; *Matter of Hizbullahankhamon v Fischer*, 60 AD3d 1340, 1341 [2009]). In light of our disposition, we need not address petitioner's remaining claim.

Mercure, J.P., Lahtinen, Malone Jr., McCarthy and Garry, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and the Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record.