██ In the Matter of MARK W. GANTT, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, et al., Respondents. [926 NYS2d 204]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Greene County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, while a prison inmate, pleaded guilty in Clinton County Court in April 2010 to criminal contempt in the first degree and stalking in the second degree and was sentenced as a second felony offender to a prison term of 2 to 4 years. As a result, petitioner was charged in a misbehavior report with committing a Penal Law offense and violating facility correspondence procedures. Petitioner was found guilty of both charges following a tier III disciplinary hearing and the determination was affirmed on administrative appeal, with a downward modification in the penalty assessed. Petitioner thereafter commenced this CPLR article 78 proceeding.

Initially, the Attorney General concedes and we agree that substantial evidence does not support that part of the determination that found petitioner guilty of committing a Penal Law offense, inasmuch as the date of the crime for which petitioner pleaded guilty was July 6, 2007, before petitioner was committed to the custody of the Department of Correctional Services (*see Matter of Genis v New York State Dept. of Correctional Servs.*, 80 AD3d 1032, 1032 [2011]; *Matter of Valentino v Bezio*, 72 AD3d 1376, 1376 [2010]). Additionally, we find that substantial evidence does not support that part of the determination that found petitioner guilty of violating correspondence

procedures. The only record evidence put forth on that issue was the testimony of the investigator who authored the report, who testified that the report was in direct response to petitioner's April 2010 criminal conviction. It appears from the record, however, that his 2010 conviction was based on his admission to writing letters in 2005, prior to his admission to a state correctional facility. Although the investigator testified that the Clinton County District Attorney's office had informed him that petitioner had mailed letters from various state correctional facilities between September 2008 and November 2009, the investigator admitted that he never received copies of the letters and the record contains no evidence to identify the intended recipients of those letters or that there were any existing orders of protection or other rules prohibiting petitioner from contacting the intended recipients. As such, we find that the determination was not supported by substantial evidence (*see Matter of Loret v Bezio*, 79 AD3d 1561, 1562 [2010]; *Matter of Cochran v Bezio*, 70 AD3d 1161, 1161 [2010]).

In light of our holding, petitioner's remaining contentions have been rendered academic.

Spain, J.P., Malone Jr., Kavanagh, Garry and Egan Jr., JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner's institutional record.