■ In the Matter of AL VEGA, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [936 NYS2d 364]—

Initially, the Attorney General concedes, and we agree, that substantial evidence does not support that part of the determination that found petitioner guilty of harassment (*see Matter of Gantt v Fischer*, 85 AD3d 1472, 1472 [2011]; *Matter of Davis v Fischer*, 76 AD3d 1154, 1155 [2010]). Because the penalty included a recommended loss of good time, the matter must be remitted to respondent for a redetermination of the penalty (*see Matter of Davis v Fischer*, 76 AD3d at 1155; *Matter of Platten v Bezio*, 73 AD3d 1419, 1420 [2010]).

Turning to the remaining charge, pursuant to 7 NYCRR 270.2 (B) (2) (v), an inmate is guilty of stalking when he or she engages in conduct "directed at a specific employee, visitor or other person where the inmate knows, or reasonably should know, that such conduct is likely to cause reasonable fear of ma-

terial harm to the physical health, safety or property of such person." Where petitioner's conduct was directed specifically at the female correction officers who were assigned to work in the unit in which he was housed, we find such conduct directed at "specific employee[s]" within the language of the rule (*see* General Construction Law § 35; *see e.g. People v Buckley*, 75 NY2d 843, 846 [1990]). Furthermore, unlike the harassment charge, there is no requirement in the stalking regulation that petitioner either communicate or attempt to communicate with the victims. Contrary to petitioner's argument, even a secret stalker reasonably should know that his conduct of spying on female correction officers while they used their staff restroom would, once discovered, be likely to cause reasonable fear of material harm to their health and safety. Accordingly, we find the determination of guilt with regard to the stalking charge to be supported by substantial evidence.

Mercure, A.P.J., Rose, Malone Jr., Stein and Egan Jr., JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of harassment and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner's institutional record and matter remitted to respondent for an administrative redetermination of the penalty on the remaining violation; and, as so modified, confirmed.