Matter of Davis v Annucci (2024 NY Slip Op 01369)

Matter of Davis v Annucci

2024 NY Slip Op 01369

Decided on March 14, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 14, 2024

CV-23-1026
[*1]In the Matter of Anthony Davis, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:February 9, 2024

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, Fisher and Mackey, JJ.

Anthony Davis, Alden, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with harassment, stalking and violating facility correspondence procedures. The charges stem from an investigation into an email received by a female employee which revealed that petitioner used a third party to obtain personal information about the employee and send an email to the employee's personal account. Following a tier III disciplinary hearing at which petitioner pleaded guilty to harassment, petitioner was found guilty of all charges. That determination was affirmed on administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding.
Initially, respondent concedes, and our review of the record confirms, that the charge of violating facility correspondence procedures is not supported by substantial evidence and must be annulled. Because the administrative penalty has been served and there was no loss of good time imposed, remittal for redetermination of the penalty is not necessary (see Matter of Johnson v Annucci, 214 AD3d 1191, 1191 [3d Dept 2023]). Turning to that part of the determination finding petitioner guilty of stalking,[FN1] the misbehavior report, documentary evidence and testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of Elias v Fischer, 118 AD3d 1193, 1193 [3d Dept 2014]; Matter of Christian v Venettozzi, 114 AD3d 975, 975 [3d Dept 2014]). Contrary to petitioner's contention, it is inferred that sending an email to an employee's personal account — which petitioner admitted was wrong — "would be likely to cause reasonable fear of material harm to [the employee's] physical health, safety or property" (Matter of Washington v Venettozzi, 186 AD3d 1866, 1867 [3d Dept 2020]; see Matter of Vega v Fischer, 91 AD3d 1007, 1007-1008 [3d Dept 2012]; see also 7 NYCRR 270.2 [B] [2] [v]).
Clark, J.P., Lynch, Reynolds Fitzgerald, Fisher and Mackey, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of violating facility correspondence procedures; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.

Footnotes

Footnote 1: Because petitioner pleaded guilty to harassment, he is precluded from challenging the sufficiency of the evidence supporting that charge (see Matter of George v Annucci, 166 AD3d 1157, 1158 [3d Dept 2018]).