■ In the Matter of DOMINICK AURICCHIO, Appellant, v GLENN S. GOORD, as Commissioner of the Department of Cor-

rectional Services, et al., Respondents. [709 NYS2d 680] —Appeal from a judgment of the Supreme Court (McGill, J.), entered March 9, 1999 in Clinton County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

The record demonstrates that petitioner, a prison inmate, was charged in two misbehavior reports with violating numerous prison disciplinary rules including prohibitions against assault on staff, interfering with an employee, disobeying a direct order and harassment. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. Petitioner thereafter commenced this CPLR article 78 proceeding challenging the determination of guilt. It subsequently came to light that the majority of petitioner's disciplinary hearing was inadvertently not electronically recorded. Supreme Court thereafter annulled the challenged determination and remitted the matter for a new hearing.* Petitioner now contends that Supreme Court's remittal of the matter in lieu of expungement of the administrative decision from his prison record was erroneous. We disagree and, therefore, affirm.

A new hearing, as opposed to expungement, is the proper remedy herein inasmuch as the failure to produce a transcript did not involve a substantial evidence issue or implicate any fundamental due process rights (see, Matter of Monko v Selsky, 246 AD2d 699, 700). Additionally, given the serious nature of the charges, we find no equitable considerations in the record that would dictate expungement in this instance (see, id.). Accordingly, Supreme Court appropriately remitted the matter for a rehearing.

Spain, J. P., Graffeo, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Respondents indicate in their brief that petitioner was found guilty of certain of the charges in the misbehavior reports following the rehearing and he has commenced a separate CPLR article 78 proceeding challenging the determination of guilt.