■ In the Matter of TARIQ NAWAZ, Petitioner, v STATE UNIVERSITY OF NEW YORK UNIVERSITY AT BUFFALO SCHOOL OF DENTAL MEDICINE, Respondent. [744 NYS2d 623] —CPLR article 78 proceeding transferred to this Court by an order of Supreme Court, Erie County (Rath, Jr., J.), entered March 22, 2002, seeking to annul the determination expelling petitioner from respondent's dental program.

It is hereby ordered that the determination be and the same hereby is unanimously annulled on the law without costs and the petition is granted in accordance with the following memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination expelling him from respondent's dental program based on his violation of respondent's Ethical Code. The charges stem from an incident that occurred while petitioner was a third-year dental student in the emergency dental clinic. Petitioner had fabricated a crown for a patient's tooth and sought permission from Dr. Starring, the supervising clinical professor that day, to cement the crown onto the patient's tooth. Dr. Starring denied permission and did not approve the crown, finding that it did not fit properly and had improper margins. Dr. Starring told petitioner to re-cement the temporary crown and "to reimpression" the patient's tooth at the next visit in one month. Petitioner re-cemented the temporary crown and, at the patient's next visit, was prepared "to reimpression." Before doing so, however, petitioner presented the crown to Dr. Karam, the supervising clinical professor that day, who found the crown acceptable for cementing. Petitioner cemented the crown without advising Dr. Karam that Dr. Starring had not approved it. The patient

reported no complaints concerning the crown, and the three dentists who examined the crown in situ on behalf of respondent found the crown acceptable.

The determination expelling petitioner for his violation of the Ethical Code is based on the findings that he had "not follow[ed] the direct request of a supervising faculty member, under whose license [he] was practicing" and that his actions were "unprofessional, unethical and unacceptable." We agree with petitioner that the determination is arbitrary and capricious and unsupported by substantial evidence (*see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230-231). Although it may have been preferable for petitioner to inform Dr. Karam of Dr. Starring's evaluation of the crown, petitioner was under the supervision of Dr. Karam when he cemented the crown and properly followed his instructions. Also, while under the supervision of Dr. Starring, he had properly followed her instructions. We therefore annul the determination expelling petitioner from the dental program. Present—Pine, J.P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.