■ In the Matter of RONALD HAYES, Appellant, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [944 NYS2d 800]—

Appeal from a judgment of the Supreme Court (Reynolds Fitzgerald, J.), entered June 3, 2011 in Chemung County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner commenced this CPLR article 78 proceeding challenging a prison disciplinary determination. Finding that a significant portion of the transcript was missing and that meaningful review was precluded, Supreme Court partially granted the petition by annulling the determination and remitting for a new hearing. Petitioner appeals.

Petitioner's sole contention is that Supreme Court should have ordered expungement instead of a new hearing. We find this claim to be unpersuasive. As this Court has noted, "[e]xpungement will be ordered only where there has been a showing that '(1) the challenged disciplinary determination is not supported by substantial evidence . . . ; (2) there has been a violation of one of the inmate's fundamental due process rights, as enunciated in *Wolff v McDonnell* (418 US 539 . . .); or (3) other equitable considerations dictate expungement of the record rather than remittal for a new hearing' " (*Matter of Monko v Selsky*, 246 AD2d 699, 700 [1998], quoting *Matter of Hillard v Coughlin*, 187 AD2d 136, 140 [1993], *lv denied* 82 NY2d 651 [1993] [citations omitted]). None of the foregoing concerns are implicated by the missing testimony in the case at hand. Therefore, Supreme Court properly ordered a new hearing (*see Matter of La Van v New York State Dept. of Correctional Servs.*, 47 AD3d 1153 [2008]; *Matter of Auricchio v Goord*, 273 AD2d 571, 572 [2000]; *Matter of Monko v Selsky*, 246 AD2d at 700).

Peters, P.J., Mercure, Malone Jr., Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.