■ In the Matter of ERIC TOLLIVER, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [962 NYS2d 828]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was allegedly observed having sex with a visitor and, accordingly, was charged in a misbehavior report with violating the prison disciplinary rules prohibiting sexual acts and the creation of a disturbance. He was found guilty as charged following a tier III disciplinary hearing, and that determination was affirmed upon administrative appeal. Petitioner then commenced this CPLR article 78 proceeding.

Meaningful review by this Court is precluded because the hearing transcript is incomplete in significant respects (*see Matter of White v Fischer*, 73 AD3d 1372, 1373 [2010]; *Matter of La Van v New York State Dept. of Correctional Servs.*, 47 AD3d 1153, 1153 [2008]). The missing testimony included, among other things, that of a correction officer who was working in the visiting area and observed no improper behavior on the part of petitioner. Inasmuch as that testimony was requested by petitioner and was cited by the Hearing Officer as a factor

considered in rendering the determination of guilt, the failure to record it requires annulment (*see Matter of La Van v New York State Dept. of Correctional Servs.*, 47 AD3d at 1153; *Matter of Douglas v Goord*, 24 AD3d 922, 923 [2005]). We are unpersuaded by petitioner's contention that expungement is required here and, thus, remit the matter for a new hearing (*see Matter of Hayes v Fischer*, 95 AD3d 1587, 1588 [2012]; *Matter of Auricchio v Goord*, 273 AD2d 571, 572 [2000]).

Rose, J.P., Lahtinen, Stein and Garry, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.