Appeal from a judgment of the Supreme Court (Cahill, J.), entered August 9, 2012 in Albany County, which, in a proceeding pursuant to CPLR article 78, among other things, granted respondent’s motion to annul his determination and remit for a new hearing.
In October 2011, petitioner was found guilty of violent conduct, assault on an inmate, possessing a weapon and engaging in gang activity following a tier III disciplinary hearing. He thereafter commenced this CPLR article 78 proceeding challenging that determination. After being informed that only a partial recording of the disciplinary hearing could be located, respondent moved to annul the determination and have the matter remitted for a new hearing. Petitioner cross-moved to dismiss and have the determination expunged from his institutional record. Supreme Court thereafter granted respondent’s motion, annulling the challenged determination and remitting the matter for a new disciplinary hearing. Based upon this determination, the court denied petitioner’s cross motion as moot and dismissed the petition. Petitioner appeals.
We affirm. Petitioner’s sole contention on appeal is that Supreme Court should have ordered expungement of the disciplinary determination from his prison record instead of a new hearing. We disagree. It is well settled that “[e]xpungement will be ordered only where there has been a showing that ‘(1) the challenged disciplinary determination is not supported by substantial evidence . . . ; (2) there has been a violation of *991 one of the inmate’s fundamental due process rights, as enunciated in Wolff v McDonnell (418 US 539 . . . ); or (3) other equitable considerations dictate expungement of the record rather than remittal for a new hearing’ ” (Matter of Monko v Selsky, 246 AD2d 699, 700 [1998], quoting Matter of Hillard v Coughlin, 187 AD2d 136, 140 [1993], lv denied 82 NY2d 651 [1993]; accord Matter of Hayes v Fischer, 95 AD3d 1587, 1588 [2012]). None of the foregoing situations is implicated here. Accordingly, Supreme Court properly ordered a new hearing (see Matter of Hayes v Fischer, 95 AD3d at 1588; Matter of Auricchio v Goord, 273 AD2d 571, 572 [2000]; Matter of Monko v Selsky, 246 AD2d at 700).
Peters, P.J., Lahtinen, Spain and Garry, JJ, concur. Ordered that the judgment is affirmed, without costs.