Appeal from a judgment of the Supreme Court (Zwack, J.), entered April 19, 2012 in Albany County, which, in a proceeding pursuant to CPLR article 78, among other things, granted respondent’s motion to annul his determination and remit for a new hearing.
Petitioner, a prison inmate, commenced this CPLR article 78 proceeding to challenge a tier III disciplinary determination finding him guilty of violating several prison disciplinary rules, including creating a disturbance, violent conduct and assault on staff. Three audio tapes had been used to record the disciplinary hearing, however, upon being informed that one of the audio tapes was defective and inadvertently destroyed, respondent moved to annul the determination and have the matter remitted for a new hearing. Supreme Court thereafter granted respondent’s motion, annulling the challenged determination and remitting the matter for a new disciplinary hearing. Petitioner appeals, and we affirm.
Remittal is required as “[mjeaningful review by this Court is precluded because the hearing transcript is incomplete in significant respects” (Matter of Tolliver v Fischer, 105 AD3d 1239, 1239 [2013]). We agree with Supreme Court that remittal for a new hearing is the proper remedy in this circumstance, rather than expungement of the disciplinary determination (see Matter of Barnes v Fischer, 108 AD3d 990, 990-991 [2013]; Matter of Hayes v Fischer, 95 AD3d 1587, 1588 [2012]; see also Matter of Farrell v New York State Off. of the Attorney Gen., 108 AD3d 801 [2013]), and we do not reach petitioner’s remaining contentions related to the annulled determination.
Peters, J.P., Rose, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.