*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 23, 2015                   519189
_____

In the Matter of ANTHONY
    MEDINA,
                        Petitioner,

        v                                          MEMORANDUM AND JUDGMENT

DONALD VENETTOZZI, as Acting
    Director of Special Housing
    and Inmate Disciplinary
    Programs,
                        Respondent.
_____


Calendar Date:  February 24, 2015

Before:  McCarthy, J.P., Garry, Lynch and Devine, JJ.

_____

        Anthony Medina, Romulus, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondent.

_____


        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating a prison disciplinary rule.

        Petitioner was charged in a misbehavior report with threats, conspiring to take over an area of the correctional facility, urging others to participate in actions detrimental to the facility and creating a disturbance.  According to the misbehavior report, petitioner became loud and disruptive and began pulling on the metal observation mesh in his cell.  This caused the lock and unlock lights for petitioner's cell to flash

in the control room.  When correction officers responded to his cell, he continued to yell threats and encourage inmates to "rile this place up."  Following a tier III disciplinary hearing at which petitioner pleaded guilty with explanation to creating a disturbance, the Hearing Officer found him guilty of that charge and not guilty of the remaining charges.  The determination was affirmed upon administrative appeal and this CPLR article 78 proceeding ensued.

We confirm.  Petitioner's plea of guilty with an explanation precludes a challenge to the sufficiency of the evidence supporting the determination of guilt (see Matter of Campbell v Bedard, 123 AD3d 1278, 1278 [2014]; Matter of Ramos v Annucci, 121 AD3d 1486, 1486 [2014]).  Petitioner's remaining contentions, including that he was denied the assistant of his choice and that the Hearing Officer improperly denied him access to the confidential mental health testimony, are unpreserved for our review given his failure to raise them at the hearing (see Matter of Robinson v Annucci, 122 AD3d 981, 982 [2014]; Matter of Abrams v Fischer, 109 AD3d 1030, 1031 [2013]).

McCarthy, J.P., Garry, Lynch and Devine, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court