# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**948**

**TP 15-00352**

PRESENT: SMITH, J.P., CARNI, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF ALEX SHOGA, PETITIONER,

V                                                    MEMORANDUM AND ORDER

ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK
STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF
COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (PETER H. SCHIFF OF
COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Wyoming County [Michael M.
Mohun, A.J.], entered February 27, 2015) to review a determination of
respondent.  The determination found after a tier III hearing that
petitioner had violated various inmate rules.

It is hereby ORDERED that the determination is unanimously
annulled on the law without costs, the amended petition is granted in
part and the matter is remitted to respondent for further proceedings
in accordance with the following memorandum:  Petitioner commenced
this CPLR article 78 proceeding seeking to annul the determination,
following a tier III disciplinary hearing, finding him guilty of
violating various inmate rules.  Although we conclude that the
determination is supported by substantial evidence (*see Matter of
Spears v Fischer*, 103 AD3d 1135, 1136), respondent correctly concedes
that the determination must be annulled and remitted for a new
hearing.  The disciplinary hearing was adjourned pending the
availability of additional witnesses and, when the hearing was
reconvened, the Hearing Officer stated on the record that petitioner
had been verbally inappropriate and abusive during the adjournment and
that she was therefore excluding him from the remainder of the
proceeding.  The record, however, does not establish what petitioner's
conduct was during the adjournment, and thus we are unable to
determine whether the Hearing Officer properly excluded petitioner
from the remainder of the hearing.  The statements made during the
adjournment were not recorded, and the Hearing Officer merely stated
in a conclusory manner on the record that petitioner was verbally
inappropriate and abusive, without specifying what petitioner said to
her.  We therefore conclude that the determination must be annulled,

and we remit the matter to respondent for a new hearing (*see generally Matter of Nova v Fischer*, 112 AD3d 1234, 1234, *lv denied* 22 NY3d 866; *Matter of Barnes v Fischer*, 108 AD3d 990, 990-991, *lv denied* 22 NY3d 855).  Because we are remitting the matter for a new hearing rather than granting all of the relief sought in the amended petition, i.e., expungement of the charges, we are granting the amended petition only in part.

We have considered petitioner's remaining contentions and conclude that they are without merit.

Entered:  October 9, 2015                     Frances E. Cafarell
                                              Clerk of the Court