*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 12, 2015                519885
_____

In the Matter of JOHN HAMLETT,
                    Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT

LIEUTENANT KELLEY, as Hearing
    Officer, et al.,
                    Respondents.
_____

Calendar Date:   September 22, 2015

Before:   Peters, P.J., Garry, Devine and Clark, JJ.

                        _____


        John Hamlett, Comstock, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondents.

                        _____


        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of the Superintendent of Clinton Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.

        Petitioner commenced this CPLR article 78 proceeding challenging a tier II disciplinary determination finding him guilty of refusing a direct order, violating lock-in procedures and delaying the inmate count.  One of the two audiotapes of the disciplinary hearing was inaudible and unable to be transcribed. Although the determination must be annulled due to the incomplete transcript (see Matter of Torres v Prack, 95 AD3d 1518, 1519 [2012]), we are unpersuaded by petitioner's contention that expungement is required.  Because "the failure to produce a transcript did not involve a substantial evidence issue or

implicate any fundamental due process rights" (Matter of Jones v Fischer, 110 AD3d 1295, 1296 [2013], appeal dismissed 23 NY3d 955 [2014] [internal quotation marks and citations omitted]; see Matter of Farrell v New York State Off. of the Attorney Gen., 108 AD3d 801, 802 [2013]), and there are no other equitable considerations to warrant expungement, remittal for a new hearing is the appropriate remedy (see Matter of Barnes v Fischer, 108 AD3d 990, 990-991 [2013], lv denied 22 NY3d 855 [2013]; Matter of Hayes v Fischer, 95 AD3d 1587, 1588 [2012]).

Peters, P.J., Garry, Devine and Clark, JJ., concur.


ADJUDGED that the determination is annulled, without costs, and matter remitted to the Superintendent of Clinton Correctional Facility for further proceedings not inconsistent with this Court's decision.


ENTER:


Robert D. Mayberger
Clerk of the Court