*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 2, 2016                    521160
_____

In the Matter of TERRANCE
    CALDWELL,
                        Appellant,

        v                                    MEMORANDUM AND ORDER

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:  April 25, 2016

Before:  Lahtinen, J.P., Rose, Lynch, Clark and Aarons, JJ.

                    _____


        Cooper Erving & Savage LLP, Albany (Brian W. Matula of
counsel), for appellant.

        Eric T. Schneiderman, Attorney General, Albany (Brian D.
Ginsberg of counsel), for respondent.

                    _____


Clark, J.

        Appeal from a judgment of the Supreme Court (Elliott III,
J.), entered March 9, 2015 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of respondent finding
petitioner guilty of violating certain prison disciplinary rules.

        Following a combined tier III disciplinary hearing,
petitioner was found guilty of two counts of assaulting staff,
two counts of interfering with an employee, refusing a direct
order and possessing unauthorized medication.  Upon
administrative appeal, the two counts of interfering with an

employee were dismissed, but the remainder of the determination was upheld. Petitioner then commenced this CPLR article 78 proceeding to challenge the determination. After respondent joined issue, Supreme Court dismissed the petition, prompting this appeal.

Petitioner contends that he was denied the right to have certain witnesses testify at his disciplinary hearing and that he received inadequate employee assistance. However, the hearing transcript is replete with inaudible gaps that preclude our meaningful review of these issues. Accordingly, the determination must be annulled and the matter remitted for a new hearing (see Matter of Hamlett v Kelley, 133 AD3d 992, 992 [2015]; Matter of Nance v Annucci, 132 AD3d 1198, 1198 [2015]). We note that, under the circumstances, expungement is not the appropriate remedy (see Matter of Hamlett v Kelley, 133 AD3d at 992-993; Matter of Barnes v Fischer, 108 AD3d 990, 990-991 [2013], lv denied 22 NY3d 855 [2013]; Matter of Hayes v Fischer, 95 AD3d 1587, 1588 [2012]).

Lahtinen, J.P., Rose, Lynch and Aarons, JJ., concur.

ORDERED that the judgment is reversed, on the law, without costs, determination annulled and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court