*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   January 26, 2017                    522733
_____

In the Matter of EDWIN
    RODRIGUEZ,
                        Petitioner,

            v                                MEMORANDUM AND JUDGMENT

CHRISTOPHER MILLER, as
    Superintendent of Great
    Meadow Correctional
    Facility,
                        Respondent.
_____

Calendar Date:   November 29, 2016

Before:  McCarthy, J.P., Garry, Egan Jr., Rose and Devine, JJ.

_____

        Edwin Rodriguez, Comstock, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Washington
County) to review a determination of respondent finding
petitioner guilty of violating certain prison disciplinary rules.

        While a correction officer was directing inmates to return
to their cells, he advised them that no food was to leave the
feed-up area.  When petitioner indicated that he had not yet
eaten, the officer informed petitioner to return to his cell,
stating that petitioner could eat with his company.  The officer
frisked petitioner prior to leaving the area, at which time a
piece of baked chicken was discovered in a chip bag in
petitioner's back pocket.  As a result, petitioner was charged in

a misbehavior report with refusing a direct order, stealing state property and smuggling. Following a tier II disciplinary hearing, petitioner was found guilty of these charges, and the determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.

Respondent concedes and, upon reviewing the record, we agree that the portion of the determination finding petitioner guilty of refusing a direct order and stealing state property is not supported by substantial evidence and, as such, must be annulled (see Matter of Smith v Venettozzi, 142 AD3d 1201, 1202 [2016]; Matter of Belot v Selsky, 56 AD3d 911, 912 [2008]). As to the balance of the determination finding petitioner guilty of smuggling, we find that "the hearing transcript is replete with inaudible gaps that preclude our meaningful review" of this particular charge (Matter of Caldwell v Annucci, 140 AD3d 1248, 1248 [2016]). Although the determination now must be annulled in its entirety, we are not persuaded that petitioner was denied due process (see Matter of Hamlett v Kelley, 133 AD3d 992, 992-993 [2015]); therefore, remittal for a new hearing as to the smuggling violation, rather than expungement, is the appropriate remedy (see Matter of Caldwell v Annucci, 140 AD3d at 1248-1249; Matter of Nance v Annucci, 132 AD3d 1198, 1198 [2015]).

McCarthy, J.P., Garry, Egan Jr., Rose and Devine, JJ., concur.

ADJUDGED that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court