◼ In the Matter of SYNELL SIMS, Petitioner, v ANTHONY RUSSO, as Deputy Superintendent of Security, Eastern N.Y. Correctional Facility, Respondent. [48 NYS3d 644]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Following a search of petitioner's cell that disclosed a book containing handwritten and drawn material considered to be gang related, petitioner was charged in a misbehavior report with possessing an altered item, tampering with property and possessing gang-related material. At the tier II disciplinary hearing that followed, petitioner pleaded guilty to possessing an altered item with an explanation and not guilty to the remaining charges. At the conclusion of the hearing, petitioner was found guilty of possessing an altered item and possessing gang-related material but not guilty of the remaining charge. That determination was affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.

Petitioner's plea of guilty precludes any challenge to the sufficiency of the evidence with respect to the charge of possessing an altered item (see Matter of Medina v Venettozzi, 127 AD3d 1482, 1482 [2015]). Turning to the finding of guilty with respect to possessing gang-related material, the hearing transcript is incomplete. The testimony of the author of the misbehavior report is completely and inexplicitly omitted from the record. Given that such testimony was relied upon by the Hearing Officer in finding petitioner guilty, "the failure to record it precludes meaningful review" (Matter of Medina v New York State Dept. of Corr. Servs., 104 AD3d 976, 977 [2013], lv denied 21 NY3d 859 [2013]; see Matter of Tolliver v Fischer, 125 AD3d 1023, 1023-1024 [2015], lv denied 25 NY3d 908 [2015]). Under the circumstances, a new hearing is the appropriate remedy (see Matter of Hamlett v Kelley, 133 AD3d 992, 993 [2015]; Matter of Tolliver v Fischer, 125 AD3d at 1024; see also Matter

*of Barnes v Fischer*, 108 AD3d 990, 990-991 [2013], *lv denied* 22 NY3d 855 [2013]).

Peters, P.J., McCarthy, Garry, Rose and Mulvey, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing gang-related material; petition granted to that extent and matter remitted to respondent for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.