Matter of Thompson v Annucci (2018 NY Slip Op 04620)





Matter of Thompson v Annucci


2018 NY Slip Op 04620


Decided on June 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 21, 2018


[*1]In the Matter of PAUL THOMPSON, Appellant, 
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: May 8, 2018

Before: Garry, P.J., McCarthy, Lynch, Rumsey and Pritzker, JJ.


Paul Thompson, Attica, appellant pro se.
Barbara D. Underwood, District Attorney, Albany (Kate H. Nepveu of counsel), for respondent.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, a prison inmate, was accused in a misbehavior report of multiple disciplinary infractions following an incident in which he was alleged to have disobeyed several direct orders and assaulted a correction officer. Following a tier III disciplinary hearing, petitioner was found guilty of violent conduct, assault on staff, creating a disturbance, and refusing a direct order. The determination was affirmed on administrative appeal, after which petitioner commenced this CPLR article 78



MEMORANDUM AND JUDGMENT
Although the petition did not raise the issue of substantial evidence and the proceeding was therefore improperly transferred, we retain jurisdiction in the interest of judicial economy (see Marhone v Venettozzi, 159 AD3d 1174, 1175 n [2018]).
Petitioner challenges the disciplinary determination on several procedural grounds, among them that he received inadequate employee assistance and was denied the right to call an inmate witness. During the hearing, petitioner complained that his assistant was unable to interview an inmate who was present during the altercation to determine whether he would be called as a witness. In response, the Hearing Officer stated that he would attempt to determine the status of the request. Petitioner appears to have raised this issue again at the conclusion of the hearing, but respondent concedes, and we agree, that pervasive inaudible gaps in the transcript preclude meaningful review as to whether it was resolved. Accordingly, the determination must be annulled and the matter remitted for a new hearing (see Matter of Hughes [*2]v Annucci, 156 AD3d 1032, 1033 [2017]; Matter of Caldwell v Annucci, 140 AD3d 1248, 1248-1249 [2016]).
Garry, P.J., McCarthy, Lynch, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.