Matter of Hill v State Univ. of N.Y. At Buffalo (2018 NY Slip Op 05104)





Matter of Hill v State Univ. of N.Y. At Buffalo


2018 NY Slip Op 05104


Decided on July 6, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND TROUTMAN, JJ.


811 TP 18-00205

[*1]IN THE MATTER OF TYRONE HILL, PETITIONER,
v
STATE UNIVERSITY OF NEW YORK AT BUFFALO, RESPONDENT. 






LIPPES & LIPPES, BUFFALO (JOSHUA R. LIPPES OF COUNSEL), FOR PETITIONER.
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [E. Jeannette Ogden, J.], entered January 30, 2018) to review a determination of respondent. The determination sanctioned petitioner for violations of the State University of New York at Buffalo Student Code of Conduct University Standards and Administrative Regulations. 
It is hereby ORDERED that the determination is unanimously annulled on the law without costs, the petition is granted, and respondent is directed to expunge all references to this matter from petitioner's school record.
Memorandum: Petitioner, an undergraduate student at respondent State University of New York at Buffalo, commenced the instant CPLR article 78 proceeding to annul respondent's determination that he possessed weapons and engaged in harassment. Respondent sanctioned petitioner with 50 hours of community service, two years of disciplinary probation, and exclusion from on-campus housing. We agree with petitioner that the record is devoid of any evidence, much less substantial evidence, to support respondent's determination (see generally Matter of Ridge Rd. Fire Dist. v Schiano, 16 NY3d 494, 498-499 [2011]; Matter of West v State Univ. of N.Y. at Buffalo, Off. of Vice-President for Student Affairs, 159 AD3d 1486, 1487 [4th Dept 2018]). Instead, respondent's determination rests exclusively on a "seriously controverted" hearsay statement, and that does not, as a matter of law, constitute substantial evidence (Matter of McGillicuddy's Tap House, Ltd. v New York State Liq. Auth., 57 AD3d 1052, 1053 [3d Dept 2008]). We therefore annul the determination, grant the petition, and direct respondent to expunge all references to this matter from petitioner's school record (see West, 159 AD3d at 1487; Matter of Nawaz v State Univ. of N.Y. Univ. at Buffalo School of Dental Medicine, 296 AD2d 863, 863 [4th Dept 2002]).
We decline respondent's invitation to remit this matter for a new hearing in light of its failure to transcribe the disciplinary hearing. Annulment and expungement is the prescribed remedy for an administrative determination that is unsupported by substantial evidence (see Matter of Barnes v Fischer, 108 AD3d 990, 990 [3d Dept 2013], lv denied 22 NY3d 855 [2013]), and it would be anomalous if respondent was afforded a new opportunity to establish petitioner's culpability based on its own procedural error in failing to transcribe the initial hearing.
Finally, we are compelled to express our dismay at respondent's cavalier attitude toward petitioner's due process rights in this case, and we remind respondent—and all other colleges and universities, particularly state-affiliated institutions—of their unwavering obligation to conduct student disciplinary proceedings in a manner that comports with fundamental notions of due process for the accused, that renders determinations consistent with the facts, and that respects the presumption of innocence to which all students are entitled.
Entered: July 6, 2018
Mark W. Bennett
Clerk of the Court