Matter of Walker v Annucci (2018 NY Slip Op 08814)





Matter of Walker v Annucci


2018 NY Slip Op 08814


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


1255 CA 18-00256

[*1]IN THE MATTER OF DARRELL WALKER, PETITIONER-APPELLANT,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT-RESPONDENT. 






WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER-APPELLANT. 
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (MARTIN A. HOTVET OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Wyoming County (Michael M. Mohun, A.J.), entered August 2, 2017 in a proceeding pursuant to CPLR article 78. The judgment, among other things, ordered that a new hearing be held regarding the misbehavior report dated November 21, 2016. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul a determination, after a tier III disciplinary hearing, that he violated various inmate rules. In his answer, respondent requested that the matter be remitted for a new hearing because the recording of the original hearing was inaudible and could not be transcribed, thereby precluding meaningful review of the determination. Supreme Court, inter alia, annulled the determination; deleted from petitioner's record all testimony, decisions, and documents prepared or produced solely as a result of that hearing; and remitted the matter for a de novo hearing to be conducted by a different hearing officer on only those charges of which petitioner was found guilty at the original hearing. Petitioner appeals, contending that the court erred in annulling the determination and remitting the matter to respondent for a new hearing and that, instead, the court should have annulled the determination and expunged from his institutional record all references to the inmate rule violations. We affirm.
Contrary to petitioner's contention, the court properly annulled the determination and remitted the matter for a new hearing under the circumstances presented in this case (cf. Matter of Tolliver v Fischer, 125 AD3d 1023, 1023-1024 [3d Dept 2015], lv denied 25 NY3d 908 [2015]). "[T]he failure to produce a transcript [does] not involve a substantial evidence issue or implicate any fundamental due process rights," and there are no equitable considerations here that warrant expungement of petitioner's institutional record (Matter of Auricchio v Goord, 273 AD2d 571, 572 [3d Dept 2000]).
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court