Matter of White v Annucci (2019 NY Slip Op 01883)





Matter of White v Annucci


2019 NY Slip Op 01883


Decided on March 14, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 14, 2019

527619

[*1]In the Matter of PAUL WHITE, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: February 8, 2019

Before: Garry, P.J., Clark, Mulvey, Devine and Pritzker, JJ.


Paul White, Romulus, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of the Superintendent of Clinton Correctional Facility finding petitioner guilty of violating a prison disciplinary rule.
While making copies of petitioner's legal paperwork in the facility's law library, a correction officer observed that one of the documents, which bore the officer's notary stamp and signature on it, had the date removed with whiteout and the lines on the document redrawn. As a result of the correction officer's finding, petitioner was charged in a misbehavior report with altering a document. Following a tier II disciplinary hearing at which petitioner pleaded guilty with explanation to altering a document (see 7 NYCRR 270.2 [B] [17] [iii]), the Hearing Officer found him guilty of that charge. The determination was affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. Petitioner's plea of guilty with an explanation to the charge of altering a document precludes him from now challenging the evidentiary basis for that charge (see Matter of Reeves v Annucci, 157 AD3d 1180, 1181 [2018]; Matter of Medina v Venettozzi, 127 AD3d 1482, 1482 [2015]). Further, the record reflects that the hearing was held in a fair and impartial manner, and there is nothing to indicate that the Hearing Officer was biased or that the determination flowed from any alleged bias (see e.g. Matter of Mays v Early, 161 AD3d 1412, 1413 [2018]). To the extent that petitioner's remaining contentions are preserved for our review, they have been reviewed and found to be without merit.
Garry, P.J., Clark, Mulvey, Devine and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.