Matter of Scott v Annucci (2020 NY Slip Op 01540)





Matter of Scott v Annucci


2020 NY Slip Op 01540


Decided on March 5, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 5, 2020

528480

[*1]In the Matter of Eugene Scott, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: February 7, 2020

Before: Mulvey, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Eugene Scott, Scranton, Pennsylvania, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Following an investigation into an assault on an inmate that occurred around 4:00 p.m. in the dorm bathroom, petitioner was charged in a misbehavior report with engaging in gang activity, engaging in violent conduct and assaulting an inmate. Following a tier III disciplinary hearing, petitioner was found guilty of all charges and that determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
Petitioner contends that he was denied the right to call Correction Officer Orlando, who was working on the dorm at the time of the incident, as a witness. Petitioner maintained that he was not on the dorm area at the time of the incident as he had left the dorm to attend school. The record reflects that petitioner requested that Orlando testify in order to verify the time that petitioner was released from the dorm to attend school. Orlando did not appear as a witness at the hearing and the reasons for his absence cannot be discerned from the record. Due to inaudible gaps at critical points in the hearing transcripts, we are precluded from a meaningful review of whether petitioner rescinded or waived his request to have Orlando testify or whether the Hearing Officer denied such witness request and the basis thereof. Accordingly, the matter must be remitted for a new hearing (see Matter of Thompson v Annucci, 162 AD3d 1365, 1365-1366 [2018]; Matter of Caldwell v Annucci, 140 AD3d 1248, 1248-1249 [2016]; Matter of Huston v Bezio, 69 AD3d 1259, 1260 [2010]).
Mulvey, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ADJUDGED that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.