Matter of Pierre v Annucci (2024 NY Slip Op 02235)

Matter of Pierre v Annucci

2024 NY Slip Op 02235

Decided on April 25, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 25, 2024

535826
[*1]In the Matter of Rodney Pierre, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:March 28, 2024

Before:Garry, P.J., Egan Jr., Fisher, McShan and Powers, JJ.

Rodney Pierre, Utica, petitioner pro se.
Letitia James, Attorney General, Albany (Kevin C. Hu of counsel), for respondent.

Fisher, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with possessing a weapon and smuggling. According to the misbehavior report, a correction officer assigned to the yard tower post notified his supervisor of an incident occurring in the gym pavilion area. When other correction officers responded, the tower officer observed petitioner walk away from the pavilion area, reach into his pants pocket and drop an object on the ground. The tower officer alerted the responding officers, and a search of the ground in the area where petitioner was observed dropping the object revealed a ceramic scalpel blade. Petitioner was found guilty of the charges after a tier III disciplinary hearing, but that determination was reversed on administrative appeal and a new tier III disciplinary hearing was ordered. Following that hearing, petitioner was again found guilty of the charges and that determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
Petitioner contends, among other things, that he was improperly denied witnesses at the hearing. Based upon our review of the record, however, we conclude that inaudible gaps in the hearing transcript preclude meaningful review of this issue (see Matter of Hughes v Annucci, 156 AD3d 1032, 1033 [3d Dept 2017]). Accordingly, the determination must be annulled. While the matter would generally be remitted for a new hearing (see e.g. Matter of Scott v Annucci, 181 AD3d 1032, 1032 [3d Dept 2020]; Matter of Hughes v Annucci, 156 AD3d at 1033), we note that petitioner has been released on parole supervision. As such, "remittal for a rehearing is not feasible here," and, therefore, we find that expungement of the determination is the appropriate remedy (Matter of Deboue v Fischer, 108 AD3d 818, 819 [3d Dept 2013]).
Garry, P.J., Egan Jr., McShan and Powers, JJ., concur.
ADJUDGED that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner's institutional record.