■ In the Matter of ANTHONY CORRENTI, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [921 NYS2d 720]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate, worked as a clerk in the law library of the correctional facility where he was incarcerated. During a random search of his desk, a correction officer found, among other things, gambling documentation as well as postdated inmate call out slips revealing that the proper protocol for processing such slips had not been followed. As a result, petitioner was charged in a misbehavior report with possessing gambling paraphernalia, possessing unauthorized departmental documents, violating facility movement regulations and refusing a direct order. He was found guilty of the charges at the conclusion of a tier III disciplinary hearing. The determination was later affirmed on administrative appeal, resulting in this CPLR article 78 proceeding.

Initially, we find no merit to petitioner's contention that the misbehavior report was not written "as soon as practicable" as required by 7 NYCRR 251-3.1 (a). The report was prepared in a timely manner given that it was written at the conclusion of a two-week investigation into petitioner's questionable conduct while performing his duties as a law library clerk (*see Matter of Norris v Fischer*, 71 AD3d 1211, 1212 [2010]; *Matter of Decastro v Prack*, 62 AD3d 1224, 1225 [2009]).

Turning to the merits, petitioner's plea of guilty to possessing gambling paraphernalia precludes him from challenging the evidence supporting the determination of guilt with respect to this charge (*see Matter of Wilson v Kadien*, 69 AD3d 1104, 1104 [2010]; *Matter of Pedraza v Fischer*, 65 AD3d 1434, 1435 [2009]). As for the charges of possessing unauthorized departmental documents and violating facility movement regulations, we find that the misbehavior report and related documentation, together with the testimony of the correction officer who conducted the investigation, provide substantial evidence supporting the determination of guilt with respect to these charges (*see Matter of Moore v Fischer*, 76 AD3d 737, 737 [2010]; *Matter of Powell v Goord*, 34 AD3d 876, 877 [2006]). Petitioner's denial of any wrongdoing presented a credibility issue for the Hearing Officer to resolve (*see Matter of Diaz v Smith*, 54 AD3d 1080,

1081 [2008]; *Matter of Britt v Fischer*, 54 AD3d 1087 [2008]). As for the charge of refusing a direct order, however, respondent concedes and we agree after a thorough review of the record that substantial evidence does not support the finding of guilt with respect to this charge and, therefore, it must be annulled (*see Matter of Al-Ibrahim v Fischer*, 73 AD3d 1314, 1315 [2010]). As a loss of good time was imposed as part of the penalty, the matter must be remitted to respondent for an administrative reassessment of the penalty on the remaining charges (*see Matter of Quinones v Fischer*, 78 AD3d 1407, 1408 [2010]; *Matter of Minton v Fischer*, 73 AD3d 1347, 1348 [2010], *lv denied* 15 NY3d 848 [2010]).

We have considered petitioner's other contentions and find them to be unpersuasive.

Peters, J.P., Lahtinen, Stein, Garry and Egan Jr., JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of refusing a direct order; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner's institutional record and matter remitted to respondent for an administrative redetermination of the penalty imposed on the remaining violations; and, as so modified, confirmed.