■ In the Matter of DANIEL CASTRO, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [936 NYS2d 368]—

Initially, with regard to the charge of harassment, the Attorney General concedes, and we agree, that substantial evidence does not support the finding of guilt (*see Matter of Smith v Fischer*, 85 AD3d 1481, 1482 [2011]; *Matter of Correnti v Fischer*, 83 AD3d 1354, 1355 [2011]). Inasmuch as the penalty included a recommended loss of good time, the matter must be remitted to respondent for a redetermination of the penalty (*see Matter of Nimmons v Fischer*, 85 AD3d 1460, 1462 [2011]; *Matter of Correnti v Fischer*, 83 AD3d at 1355).

With regard to the stalking charge, an inmate may be found guilty when he or she engages in conduct "directed at a specific employee, visitor or other person where the inmate knows, or reasonably should know, that such conduct is likely to cause reasonable fear of material harm to the physical health, safety or property of such person" (7 NYCRR 270.2 [B] [2] [v]). Unlike the harassment charge, there is no requirement in the stalking regulation that petitioner either communicate or attempt to communicate with the victims. Contrary to petitioner's argument, even a secret stalker reasonably should know that his conduct of spying on female correction officers while they used their staff restroom would, once discovered, be likely to cause material harm to their health and safety. In addition, the regulation's requirement that a "specific employee" be affected was satisfied inasmuch as petitioner's conduct was directed specifically toward the group of female correction officers who were assigned to work in the unit in which he was housed (*see* General Construction Law § 35; *see e.g. People v Buckley*, 75 NY2d 843, 846 [1990]). As such, we find that substantial evidence supported the determination of guilt with regard to the stalking charge.

Peters, J.P., Rose, Lahtinen, Kavanagh and McCarthy, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of harassment and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner's institutional record and matter remitted to respondent for an administrative redetermination of the penalty on the remaining violation; and, as so modified, confirmed.