## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:    December 11, 2014                    518447
_____

In the Matter of ALLAH McCALL,
                     Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
   Commissioner of Corrections
   and Community Supervision,
                     Respondent.
_____


Calendar Date:   October 21, 2014

Before:   Peters, P.J., Rose, Egan Jr., Lynch and Clark, JJ.

                        _____


        Allah McCall, Romulus, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

                        _____


        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

        Petitioner became disruptive as he approached a gate emptying into the prison yard, and he struck a correction officer with his shoulder as he walked through the gate.  He then punched the officer and had to be subdued.  Petitioner was charged in a misbehavior report with assaulting staff, engaging in violent conduct and creating a disturbance.  He pleaded guilty to creating a disturbance and, at the conclusion of a tier III disciplinary hearing, was found guilty of the remaining charges. The determination was affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, documentary evidence and testimony of the correction officer who was involved in the altercation provide substantial evidence to support the determination of guilt (see Matter of Alsaifullah v Fischer, 118 AD3d 1239, 1240 [2014], lv denied 24 NY3d 906 [2014]; Matter of Wright v Fischer, 98 AD3d 759, 759 [2012]). Although petitioner and his witness offered a differing account of the incident, their testimony presented a credibility issue for the Hearing Officer to resolve (see id.). Finally, petitioner's contention that the Hearing Officer erred in denying his request for the medical records of the officer involved in the assault is unavailing, as there was no allegation that petitioner caused any physical injury to the officer. Under these circumstances, the medical records were irrelevant.

Peters, P.J., Rose, Egan Jr., Lynch and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court