## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:   July 2, 2015                    520034
_____

In the Matter of DEREK SIMMONS,
                    Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT

THOMAS LaVALLEY, as
    Superintendent of Clinton
    Correctional Facility,
                    Respondent.
_____

Calendar Date:   May 5, 2015

Before:   Lahtinen, J.P., Rose, Lynch and Clark, JJ.

                    _____

        Derek Simmons, Dannemora, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

                    _____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Clinton County)
to review a determination of respondent which found petitioner
guilty of violating certain prison disciplinary rules.

        Petitioner was charged in a misbehavior report with
creating a disturbance, interfering with an employee, harassment,
refusing a direct order and making threats.  According to the
misbehavior report, petitioner did not comply with several
directives from a correction officer to hang up the telephone,
requiring that officer to approach petitioner.  Thereafter,
petitioner allegedly made various inappropriate and violent
remarks to the correction officer.  Following a tier II
disciplinary hearing, petitioner was found guilty of all charges
and that determination was affirmed upon administrative appeal.

This CPLR article 78 proceeding ensued.

Initially, we agree with petitioner that the charge of creating a disturbance was not supported by the misbehavior report.  Inasmuch as the penalty has already been served and it does not appear that any loss of good time was imposed, there is no need to remit the matter for a redetermination of the penalty imposed (see Matter of Hood v Fischer, 100 AD3d 1122, 1123 [2012]).  We reach a different conclusion with regard to the remaining charges.  The detailed misbehavior report, authored by the correction officer who was involved in the incident, is sufficient, by itself, to provide substantial evidence to support the determination of guilt with respect to those charges (see Matter of Green v Bradt, 91 AD3d 1235, 1237 [2012], lv denied 19 NY3d 802 [2012]; Matter of Encarnacion v Bellnier, 89 AD3d 1301, 1302 [2011]).  Any conflicting testimony from petitioner or his witnesses presented a credibility issue for the Hearing Officer to resolve (see Matter of Grant v Rock, 122 AD3d 1225, 1226 [2014]).

To the extent that petitioner asserts that he was improperly denied the right to present witness testimony, we find that the Hearing Officer appropriately restricted any testimony to information relevant to the misbehavior report.  We have reviewed petitioner's remaining contentions and find them to be without merit.

Lahtinen, J.P., Rose, Lynch and Clark, JJ., concur.

ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of creating a disturbance; petition granted to that extent and the Commissioner of Corrections and Community Supervision is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court