Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with harassment, stalking and violating facility correspondence procedures. The charges stem from petitioner sending a letter to a correction officer wherein he wrote messages of a personal nature about the dangers of smoking. Following a tier II disciplinary hearing, petitioner was found guilty of harassment and violating facility correspondence procedures, but not guilty of stalking. That determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
Initially, respondent concedes, and our review of the record confirms, that substantial evidence does not support the charge of violating facility correspondence procedures. Accordingly, we annul that part of the determination, but do not need to remit the matter for a redetermination of the penalty because the *1085 penalty has been completed and no loss of good time was imposed (see Matter of Edwards v Annucci, 131 AD3d 770, 770 [2015]). We reach a different conclusion with regard to that part of the determination finding petitioner guilty of harassment, as petitioner’s admission to writing the letter that clearly contained “messages of a personal nature to an employee” provide substantial evidence to support the determination of guilt as to that charge (7 NYCRR 270.2 [B] [8] [ii]; see Matter of Messiah v New York State Dept. of Correctional Servs., 52 AD3d 1133, 1133 [2008]). Furthermore, contrary to petitioner’s contention, he was not deprived of the right to call a relevant witness as the record establishes that the witness was unaware of and could offer no relevant information with regard to what petitioner wrote in the letter (see Matter of Davis v Annucci, 123 AD3d 1279, 1279 [2014]). Petitioner’s remaining contentions, including that the Hearing Officer was biased, have been reviewed and found to be without merit.
Peters, P.J., Egan Jr., Rose and Lynch, JJ., concur.
Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of violating facility correspondence procedures; petition granted to that extent and respondent is directed to expunge all references to this charge from petitioner’s institutional record; and, as so modified, confirmed.