# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  September 15, 2016                    522497
_____

In the Matter of NORMAN
    McBRIDE,
                        Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:  August 8, 2016

Before:  Garry, J.P., Lynch, Rose, Clark and Mulvey, JJ.

_____

        Norman McBride, Dannemora, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent finding petitioner guilty of
violating certain prison disciplinary rules.

        Petitioner was charged in a misbehavior report with
engaging in violent conduct, creating a disturbance, failing to
comply with frisk procedures and refusing a direct order.
According to the report, after having observed petitioner slip a
small, white paper object into his left boot, a correction
officer directed petitioner to the wall for a pat frisk.
Although initially compliant, petitioner refused to remove his
left boot and stepped away from the wall.  After petitioner

refused further orders to comply, correction officers ultimately took him to the ground and restraints were applied. Following a tier III disciplinary hearing, petitioner was found guilty as charged. The determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

Initially, respondent concedes, and we agree, that substantial evidence does not support the finding that petitioner was guilty of the charge of engaging in violent conduct. Accordingly, we annul that part of the determination. Given that no loss of good time was imposed and petitioner has already served the penalty, the matter need not be remitted for a reassessment of the penalty (see Matter of Young v Keyser, 136 AD3d 1084, 1084-1085 [2016]; Matter of Chisholm v Annucci, 135 AD3d 1279, 1279 [2016]).

As to the remaining charges, the misbehavior report and hearing testimony provide substantial evidence to support the determination of guilt (see Matter of Rizzuto v Eastman, 134 AD3d 1308, 1308 [2015]; Matter of Nieves v Annucci, 123 AD3d 1368, 1368 [2014]). Although petitioner testified that a medical condition prevented him from complying with the frisk procedures and the order to remove his boot, and that medical condition was confirmed by the facility nurse, the nurse also testified that there were no documented functional limitations attributed to the condition in petitioner's medical file. This conflicting evidence presented a credibility issue for the Hearing Officer to resolve (see Matter of Rogers v Fischer, 96 AD3d 1318, 1318 [2012]; Matter of Capocetta v Fischer, 72 AD3d 1377, 1378 [2010], lv denied 15 NY3d 706 [2010]). Finally, there is nothing in the record to indicate that petitioner was denied a fair hearing or that the determination of guilt was the result of any alleged bias on the part of the Hearing Officer or a predetermination of guilt prior to the hearing (see Matter of Fowler v Fischer, 106 AD3d 1344, 1345 [2013], lv denied 21 NY3d 865 [2013]; Matter of Barnes v Bezio, 86 AD3d 884, 885 [2011]).

Garry, J.P., Lynch, Rose, Clark and Mulvey, JJ., concur.

ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of engaging in violent conduct; petition granted to that extent and respondent is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court