*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 2, 2017               523263
_____

In the Matter of RUBEN PENA,
                    Petitioner,

        v

ANTHONY J. ANNUCCI, as Acting          MEMORANDUM AND JUDGMENT
    Commissioner of Corrections
    and Community Supervision,
    et al.,
                    Respondents.
_____

Calendar Date:  November 29, 2016

Before:  Lynch, J.P., Rose, Devine, Mulvey and Aarons, JJ.

_____

        Ruben Pena, Cape Vincent, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondents.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Superintendent of Cape Vincent Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.

        Following an investigation into gambling activity that included a search of petitioner's cell, petitioner was charged in a misbehavior report with gambling, possessing an altered item, possessing contraband and lying.  Following a tier II disciplinary hearing, petitioner was found guilty of possessing an altered item and gambling but not guilty of the remaining charges.  That determination was affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued.

Initially, respondents concede, and we agree, that the charge of gambling is not supported by substantial evidence. Accordingly, we annul that part of the determination. Given that no loss of good time was imposed and petitioner has already served the penalty, the matter need not be remitted for a reassessment of the penalty (see Matter of McBride v Annucci, 142 AD3d 1218, 1218 [2016]). Turning to the remaining charge of possessing an altered item, the misbehavior report, supporting documentation and petitioner's admission that he altered the pen with a metal tip in order to use it as a screwdriver to fix his glasses provide substantial evidence to support the determination of guilt (see Matter of Garcia v Garner, 122 AD3d 988, 989 [2014]; Matter of Tinnirello v Selsky, 51 AD3d 1238, 1239 [2008]). Contrary to petitioner's contention, we find no error in the use of the date that the investigation concluded as the incident date on the misbehavior report rather than the date that petitioner's cell was searched (see Matter of Moore v Venettozzi, 138 AD3d 1288, 1289 [2016]). We have reviewed petitioner's remaining contentions and find them to be without merit.

Lynch, J.P., Rose, Devine, Mulvey and Aarons, JJ., concur.

ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of gambling; petition granted to that extent and respondent Superintendent of Cape Vincent Correctional Facility is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court