Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
During a search of petitioner’s cell, an envelope was found that was mailed to petitioner from his sister containing numer *1457 ous handwritten flyers advertising that, if inmates send photographs along with $16 and two stamps to petitioner’s nephew, his nephew would send back the original photograph to the inmates and distribute 10 copies to a family member or friend. As a result, petitioner was charged in a misbehavior report with solicitation, possessing contraband and violating facility correspondence procedures, specifically Department of Corrections and Community Supervision Directive No. 4422, which prohibits an inmate from conducting a mail order business from a correctional facility (see 7 NYCRR 720.3 [k]). Following a tier III disciplinary hearing, petitioner was found guilty as charged. This determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, related documentary evidence and the hearing testimony provide substantial evidence to support the determination of guilt (see Matter of Medina v Prack, 144 AD3d 1273, 1274 [2016]; Matter of Sawyer v Annucci, 140 AD3d 1499, 1500 [2016]). The testimony of petitioner and his witness that he did not request to be sent the flyers and did not intend to solicit business created a credibility issue for the Hearing Officer to resolve (see Matter of Simmons v LaValley, 130 AD3d 1126, 1127 [2015]; Matter of McCall v Annucci, 123 AD3d 1267, 1268 [2014]). Moreover, as “[i]nmates involved in attempts or conspiracies to violate institutional rules of conduct . . . will be punishable to the same degree as violators of such rules” (7 NYCRR 270.3 [b]), we reject petitioner’s contention that the charges cannot be sustained because there was no proof presented that petitioner had actually solicited any inmates to submit photographs to his nephew (see Matter of Gomez v Fischer, 89 AD3d 1341, 1341 [2011]). Although petitioner argues that the mail room had reviewed the flyers and found them to be unobjectionable, “this would not alter the fact that the material is nonetheless prohibited by the prison disciplinary rule” (Matter of Madison v Fischer, 108 AD3d 959, 960 [2013] [internal quotation marks and citation omitted]; accord Matter of Jay v Fischer, 120 AD3d 1466, 1466 [2014], lv denied 24 NY3d 909 [2014]). Petitioner’s remaining claims have been considered and found to be without merit.
McCarthy, J.P., Garry, Egan Jr., Rose and Devine, JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.