██ In the Matter of AMIR DOUGLAS, Petitioner, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [56 NYS3d 907]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

While petitioner was on an authorized mail watch in 2014, four outgoing letters from him were intercepted in the mail room and evaluated by a correction officer who was trained in gang activity. In the letters, petitioner, among other things, requested that the recipient smuggle marihuana into the facility, providing instructions on how to do so during a visit, and requested certain gang-related information. Petitioner was charged in a misbehavior report with gang activity, drug possession, smuggling and violating both facility correspondence procedures and visitation procedures. Following the initial tier

III hearing, petitioner was found guilty of the charges but, upon his challenge to that determination in a CPLR article 78 proceeding, Supreme Court (McGrath, J.) ordered a rehearing due to inaudible gaps in the hearing transcript. Following a rehearing, petitioner was again found guilty of the charges and that determination was upheld on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding.

We confirm. The misbehavior report, documentary evidence, confidential exhibits and testimony of the officer who had evaluated the letters and authored the report provide substantial evidence to support the determination of guilt (*see Matter of Davis v Prack*, 100 AD3d 1177, 1177-1178 [2012], *lv dismissed* 22 NY3d 910 [2013]). While no drugs were found and petitioner's efforts may not have succeeded, "[i]nmates involved in attempts or conspiracies to violate institutional rules of conduct . . . will be punishable to the same degree as violators of such rules" (7 NYCRR 270.3 [b]; *see Matter of Killimayer v Venettozzi*, 149 AD3d 1456, 1457 [2017]). The report was properly made by the officer who had "ascertained the facts" by reviewing the letters and testified to their gang and drug references, and there is no evidence that other employees were personally involved so as to require separate reports (7 NYCRR 251-3.1 [b]). Nor did petitioner request that any other involved employees be called as witnesses. Further, the mail watch was properly authorized (*see* 7 NYCRR 720.3 [e]), and petitioner was not entitled to notification that his correspondence had been confiscated because, as the officer testified, there was an "ongoing investigation" (7 NYCRR 720.3 [e] [2]).

Contrary to petitioner's claim, the rehearing was timely commenced in compliance with the order of Supreme Court and was completed within the time frames set forth in extensions that were necessary to obtain the officer's testimony (*see Matter of Vidal v Annucci*, 149 AD3d 1366, 1367 [2017]). Finally, to the extent that petitioner argues that the court should not have ordered a rehearing, he did not appeal from that order, and, in any event, remittal for a rehearing is the appropriate remedy where the hearing transcript contains inaudible gaps that preclude meaningful judicial review (*see Matter of Barnes v Venettozzi*, 135 AD3d 1250, 1251 [2016]; *Matter of Tolliver v Fischer*, 105 AD3d 1239, 1239-1240 [2013]). Petitioner's remaining claims, to the extent they are preserved, have been considered and found to be without merit.

McCarthy, J.P., Egan Jr., Rose, Mulvey and Rumsey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.