Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
 

 As a female correction officer was making her rounds doing the count on the cellblock where petitioner was housed, petitioner handed her a greeting card that contained a personal message telling her that she was special and wishing her a happy belated birthday. The officer immediately reported it to her supervisor and prepared a misbehavior report charging petitioner with harassment, stalking, interfering with an employee and delaying the count. Petitioner was found guilty of all charges following a tier III disciplinary hearing. On administrative appeal, the charge of delaying the count was dismissed, but the determination was otherwise upheld. This CPLR article 78 proceeding ensued.
 

 Initially, respondent concedes and, upon reviewing the record, we agree that substantial evidence does not support that part of the determination finding petitioner guilty of stalking or interfering with an employee (see Matter of Madden v Grif fin, 109 AD3d 1060, 1061 [2013], lv denied 22 NY3d 860 [2014]). We reach a different conclusion, however, with respect to that part of the determination finding him guilty of harassment. The detailed misbehavior report, testimony of the female correction officer who received the card, petitioner’s admission to writing it and the card itself provide substantial evidence supporting the finding of guilt as to this disciplinary rule violation (see Matter of Christian v Venettozzi, 114 AD3d 975, 975 [2014]; Matter of Hernandez v Fischer, 67 AD3d 1225, 1225-1226 [2009]). Although petitioner maintained that the card was intended for his aunt whose birthday had passed, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Christian v Venettozzi, 114 AD3d at 975). Thus, that part of the determination finding petitioner guilty of stalking and interfering with an employee must be annulled, but, as no loss of good time was imposed and petitioner has already served the penalty, the matter need not be remitted for a redetermination of the penalty on the remaining violation (see Matter of Simmons v LaValley, 130 AD3d 1126, 1127 [2015]; Matter of Belot v Selsky, 56 AD3d 911, 912 [2008]).
 

 Contrary to petitioner’s claim, he was not improperly denied the right to call either his aunt or two investigators as witnesses as they did not have personal knowledge of the incident and their testimony would have been irrelevant to whether petitioner’s conduct constituted harassment (see Matter of Hinton v Fischer, 108 AD3d 1000, 1001 [2013]; Matter of Burr v Fischer, 95 AD3d 1538, 1538 [2012], lv denied 19 NY3d 811 [2012]). Furthermore, the record does not disclose that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Brown v Fischer, 120 AD3d 1517, 1518 [2014]; Matter of Shoga v Fischer, 118 AD3d 1232, 1233 [2014]). We have considered petitioner’s remaining contentions, to the extent that they are properly before us, and find them to be unpersuasive.
 

 Egan Jr., J.P., Lynch, Clark, Mulvey and Pritzker, JJ., concur.
 

 Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of stalking and interfering with an employee; petition granted to that extent and the Commissioner of Corrections and Community Supervision is directed to expunge all references to these charges from petitioner’s institutional record; and, as so modified, confirmed.