Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
 

 Petitioner was charged in a misbehavior report with solicitation, harassing staff and violating facility correspondence procedures. The charges stemmed from a letter that petitioner admits he authored and attempted to send to a civilian employee at another correctional facility, wherein petitioner concededly asked the civilian employee to, among other things, contact his wife by telephone and to extend his regards to a “Mr. Taylor.” According to the author of the misbehavior report, Taylor was another prison inmate. Following a tier III disciplinary hearing, petitioner was found guilty of the charges, and a penalty was imposed. Petitioner sought discretionary review and pursued an administrative appeal without success, and this CPLR article 78 proceeding to challenge the determination of guilt ensued.
 

 Preliminarily, respondents concede and, upon review, we agree that the record does not contain substantial evidence to support the finding that petitioner was guilty of harassing staff. Accordingly, that portion of the determination must be annulled. As the penalty imposed did not include a recommended loss of good time and otherwise has been served, we need not remit for a reassessment thereof (see Matter of Dushain v Annucci, 152 AD3d 1120, 1121 [2017]; Matter of Pena v Annucci, 147 AD3d 1142, 1143 [2017]).
 

 Turning to the balance of the determination, the detailed misbehavior report, which recited the contents of the confiscated letter, and the testimony adduced at the hearing provide substantial evidence to support the finding that petitioner engaged in solicitation and violated facility correspondence procedures (see Matter of Tafari v Annucci, 137 AD3d 1356, 1357 [2016]; Matter of Rodriguez v Fischer, 120 AD3d 855, 855 [2014]).
 
 *
 
 To the extent that petitioner contends that he “pretty much got permission” from a facility counselor to send the letter in question to the civilian employee, the counselor testified to the contrary—thus posing a credibility question for the Hearing Officer to resolve (see Matter of Grant v Rock, 122 AD3d 1225, 1226 [2014]; Matter of A’Gard v LaValley, 104 AD3d 1031, 1031 [2013]; Matter of Nieves v Venettozzi, 102 AD3d 1027, 1027 [2013], lv denied 21 NY3d 852 [2013]). Petitioner’s claim that he was unaware of the particular rules that he violated also presented a credibility issue for the Hearing Officer and, in any event, petitioner’s professed lack of awareness of the relevant rules “does not absolve him from guilt” (Matter of Jenkins v Senkowski, 221 AD2d 779, 779 [1995]). Additionally, and contrary to petitioner’s assertion, nothing on the face of rule 103.20, which prohibits an inmate from “requesting] or soliciting] goods or services from . . . any person other than an immediate family member without the consent and approval of the facility superintendent or designee” (7 NYCRR 270.2 [B] [4] [ii]), requires that such services be requested in exchange for money. Petitioner’s remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
 

 Peters, P.J., Lynch, Rose, Mulvey and Aarons, JJ., concur.
 

 Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of harassing staff; petition granted to that extent and respondent Commissioner of Corrections and Community Supervision is directed to expunge all references to this charge from petitioner’s institutional record; and, as so modified, confirmed.
 

 *
 

 As noted previously, petitioner concedes in his brief that he authored the letter in question and does not dispute the contents thereof.