Matter of Thompson v Kirkpatrick (2018 NY Slip Op 02691)





Matter of Thompson v Kirkpatrick


2018 NY Slip Op 02691


Decided on April 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 19, 2018

524848

[*1]In the Matter of PAUL THOMPSON, Petitioner,
v
MICHAEL KIRKPATRICK, as Superintendent of Clinton Correctional Facility, Respondent.

Calendar Date: March 2, 2018

Before: McCarthy, J.P., Lynch, Clark, Aarons and Pritzker, JJ.


Paul Thompson, Attica, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with refusing direct orders, interfering with an employee, possessing contraband and violating frisk procedures. Following a tier II hearing, petitioner was found guilty of the charges, and a penalty was imposed. The determination of guilt was affirmed upon petitioner's administrative appeal, and this CPLR article 78 proceeding ensued.
Initially, respondent concedes, and our review of the record confirms, that substantial evidence does not support the charge of possessing contraband and, therefore, that portion of respondent's determination must be annulled (see Matter of Castillo v Annucci, 155 AD3d 1234, 1234 [2017]; Matter of Zhang v Murphy, 1 AD3d 784, 784 [2003]). However, inasmuch as the penalty imposed has been completed and no loss of good time was recommended, we need not remit this matter for a redetermination of the penalty (see Matter of Lewis v Annucci, 156 AD3d 1015, 1016 [2017]; Matter of Young v Keyser, 136 AD3d 1084, 1084-1085 [2016]). As to the remaining charges, we find that the detailed misbehavior report — standing alone — constitutes substantial evidence to support the determination that petitioner refused direct orders, interfered with an employee and violated frisk procedures (see e.g. Matter of Boitschenko v Annucci, 156 AD3d 1066, 1066 [2017]; Matter of Encarnacion v Bellnier, 89 AD3d 1301, 1302 [2011]). Specifically, the misbehavior report reflects that petitioner refused multiple direct orders — including an initial order to properly position himself for a pat frisk — and that his repeated refusals to comply with the authoring correction officer's directives "began to delay the rest of the [*2]yard run." Although petitioner contended that the misbehavior report was fabricated and written in retaliation for remarks he made to the correction officer during the pat frisk, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Boitschenko v Annucci, 156 AD3d at 1066; Matter of Canzater-Smith v Venettozzi, 150 AD3d 1518, 1518-1519 [2017]). Petitioner's remaining arguments, including any suggestion that the correction officer failed to comply with pat-frisk procedures, have been examined and found to be lacking in merit.
McCarthy, J.P., Lynch, Clark, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing contraband; petition granted to that extent and respondent is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.