Matter of Washington v Annucci (2018 NY Slip Op 02851)





Matter of Washington v Annucci


2018 NY Slip Op 02851


Decided on April 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 26, 2018

525265

[*1]In the Matter of MICHAEL WASHINGTON, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: March 2, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Clark and Rumsey, JJ.


Michael Washington, Elmira, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Frank Brady of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
While incarcerated at Great Meadow Correctional Facility, petitioner sent a letter to a senior investigator in the Department of Corrections and Community Supervision's Office of Special Investigations (hereinafter OSI). In that letter, petitioner relayed that, once he was released from the facility's special housing unit, he and another inmate — the latter of whom allegedly had threatened petitioner — were going to "have a showdown"; specifically, petitioner indicated that he would "strike first" and "assault" the other inmate. The letter was
forward by OSI to the facility for further investigation, and petitioner subsequently was charged in a misbehavior report with making threats. Following a tier III disciplinary hearing, petitioner was found guilty as charged and a penalty was imposed. That determination was affirmed upon petitioner's administrative appeal with a modified penalty, prompting petitioner to commence this CPLR article 78 proceeding to challenge respondent's determination.
To the extent that petitioner's brief may be read as challenging the evidence adduced at the disciplinary hearing, we find that the misbehavior report, the letter itself and petitioner's admission that he authored the letter constitute substantial evidence to support the finding of guilt (see Matter of Townsley v Rodriguez, 153 AD3d 1463, 1464 [2017]; Matter of Marhone v [*2]LaValley, 107 AD3d 1186, 1187 [2013]). Although petitioner contends that the misbehavior report was written in retaliation for certain complaints he had filed against its author, this presented a credibility determination for the Hearing Officer to resolve (see Matter of Clark v Smith, 155 AD3d 1232, 1233 [2017]; Matter of Angarita v Annucci, 153 AD3d 1535, 1535 [2017]).
As for petitioner's procedural claims, the author of the misbehavior report explained that the period of time that elapsed between the October 2016 letter and the November 2016 misbehavior report was occasioned by OSI forwarding the letter to the facility for further investigation — an investigation hampered by petitioner's refusal to respond to questions relative thereto. Under these circumstances, we are satisfied that the misbehavior report was written "as soon as practicable" (7 NYCRR 251-3.1 [a]). Petitioner's related assertion — that the misbehavior report should have been endorsed by certain OSI investigators — is equally unavailing (see 7 NYCRR 251-3.1 [b]; see generally Matter of Nunez v Unger, 93 AD3d 986, 987 [2012]), as is his claim that he was denied due process as the result of the Hearing Officer's failure to produce a certain videotape. Petitioner's request for this item was made beyond the "save date" and, therefore, the videotape was no longer available. As the Hearing Officer cannot be faulted for failing to produce evidence that no longer existed (see Matter of Bornstorff v Bezio, 73 AD3d 1397, 1398 [2010]), "the failure to produce [the] nonexistent tape cannot be considered a violation of petitioner's rights" (Matter of Ferrar v Selsky, 1 AD3d 671, 672 [2003]). Petitioner's remaining procedural objections, to the extent that they have been preserved for our review, have been examined and found to be lacking in merit.
Garry, P.J., McCarthy, Egan Jr., Clark and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.