Matter of White v Annucci (2019 NY Slip Op 01478)





Matter of White v Annucci


2019 NY Slip Op 01478


Decided on February 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 28, 2019

526992

[*1]In the Matter of EQUARN WHITE, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: February 8, 2019

Before: Garry, P.J., Lynch, Clark, Devine and Pritzker, JJ.


Equarn White, Attica, petitioner pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Superintendent of Clinton Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.
While in the correctional facility's law library, petitioner approached a female correction officer and — despite being previously and repeatedly warned on multiple occasions not to address that officer by her first name, to engage in conversation with her of a personal nature or to otherwise make inappropriate comments or gestures — addressed that officer by her first name. As a result of this incident, petitioner was charged in a misbehavior report with stalking, interfering with an employee, refusing a direct order and harassment. Following a tier II disciplinary hearing, petitioner was found guilty as charged. On administrative review, that determination was affirmed. This CPLR article 78 proceeding ensued.
Initially, respondent concedes and, upon reviewing the record, we agree that substantial evidence does not support that part of the determination finding petitioner guilty of stalking, interfering with an employee and refusing a direct order (see Matter of Townsley v Rodriguez, 153 AD3d 1463, 1463 [2017]; Matter of Madden v Griffin, 109 AD3d 1060, 1061 [2013], lv denied 22 NY3d 860 [2014]). However, inasmuch as no loss of good time was imposed and petitioner has already served the penalty, the matter need not be remitted for a reassessment of the penalty (see e.g. Matter of George v Annucci, 166 AD3d 1157, 1158 [2018]; Matter of Lewis v Annucci, 156 AD3d 1015, 1016 [2017]). We reach a different conclusion with respect to that part of the determination finding petitioner guilty of harassment, as the detailed misbehavior report and the hearing testimony, including the testimony of the correction officer who prepared the report, provide substantial evidence to support the determination of guilt (see 7 NYCRR 270.2 [B] [8] [ii]; Matter of Townsley v Rodriguez, 153 AD3d at 1463-1464; Matter of Al-Matin v Brown, 86 AD3d 902, 902 [2011]; cf. Matter of Davis v Bedard, 167 AD3d 1214, 1215 [*2][2018]). Contrary to petitioner's contention, the hearing testimony reflects that, on the day of the incident, he made a verbal remark to the female correction officer that constituted a "communicati[on] . . . of a personal nature" (7 NYCRR 270.2 [B] [8] [ii]), despite previously being warned not to do so. Petitioner's exculpatory testimony to the contrary presented a credibility determination for the Hearing Officer to resolve (see Matter of Lewis v Annucci, 156 AD3d at 1016; Matter of Madden v Griffin, 109 AD3d at 1061).
Contrary to petitioner's contention, he was not improperly denied the right to call witnesses on his behalf. The Hearing Officer properly denied his requests to call an unidentified third correction officer and a Nation of Islam chaplain to testify at the hearing inasmuch as the record established that they were not present at the time of the incident and such testimony was not shown to be relevant (see Matter of Cunningham v Annucci, 153 AD3d 1491, 1492 [2017]; Matter of Tafari v Fischer, 98 AD3d 763, 763 [2012], lv denied 19 NY3d 816 [2012]; compare Matter of Harriott v Koenigsmann, 149 AD3d 1440, 1441-1442 [2017]). Petitioner's right to call witnesses was also not violated by the Hearing Officer's denial of his request to call six inmate witnesses, as the record reflects that each of the requested witnesses had not previously agreed to testify and had executed a witness refusal form, which was read by the Hearing Officer at the hearing (see Matter of Ortiz v Annucci, 163 AD3d 1383, 1385 [2018]; Matter of Weston v Annucci, 153 AD3d 1537, 1537 [2017]). Finally, we find no error in the Hearing Officer precluding petitioner from asking questions during the hearing that were irrelevant to the conduct charged, and a review of the record demonstrates that the determination of guilt flowed from the evidence presented and not from any alleged bias or alleged misconduct on the part of the Hearing Officer (see e.g. Matter of Mays v Early, 161 AD3d 1412, 1413 [2018]). Petitioner's remaining contentions have either not been preserved for our review or are lacking in merit.
Garry, P.J., Lynch, Clark, Devine and Pritzker, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of stalking, interfering with an employee and refusing a direct order; petition granted to that extent and the Superintendent of Clinton Correctional Facility is directed to expunge all references to these charges from petitioner's institutional record; and, as so modified, confirmed.