Matter of Smith v Annucci (2019 NY Slip Op 05257)





Matter of Smith v Annucci


2019 NY Slip Op 05257


Decided on June 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 27, 2019

528232

[*1]In the Matter of KENNY SMITH, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: May 24, 2019

Before: Garry, P.J., Lynch, Mulvey, Aarons and Rumsey, JJ.


Kenny Smith, Ossining, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
As a correction officer approached petitioner's cell, petitioner handed her a disbursement form and asked her to sign it. On that form, petitioner had written a personal note asking, "In the future can I write you a letter? Circle Yes or No." As a result of this incident, petitioner was charged in a misbehavior report with stalking and harassing an employee. Following a tier III disciplinary hearing, he was found guilty of the charges. Upon administrative review, that determination was affirmed with a modified penalty. This CPLR article 78 proceeding ensued.
Initially, respondent concedes and, upon reviewing the record we agree, that substantial evidence does not support that part of the determination finding petitioner guilty of stalking (see Matter of White v Annucci, 169 AD3d 1326, 1327 [2019], lv dismissed ___ NY3d ___ [June 11, 2019], lv denied ___ NY3d ___ [June 13, 2019]; Matter of Townsley v Rodriguez, 153 AD3d 1463, 1463 [2017]). However, inasmuch as no loss of good time was imposed and petitioner has already served the penalty, the matter need not be remitted for a reassessment of the penalty (see e.g. Matter of George v Annucci, 166 AD3d 1157, 1158 [2018]; Matter of Lewis v Annucci, 156 AD3d 1015, 1016 [2017]).
With regard to the remaining charge of harassing an employee, the misbehavior report, documentary evidence and testimony at the hearing, including the testimony from the correction officer who authored the misbehavior report, provide substantial evidence to support the determination of guilt (see Matter of White v Annucci, 169 AD3d at 1326-1327; Matter of Townsley v Rodriguez, 153 AD3d at 1463-1464; Matter of Young v Keyser, 136 AD3d 1084, [*2]1085 [2016]). The unsolicited written communication "of a personal nature" to the correction officer constituted harassment (7 NYCRR 270.2 [B] [8] [ii]; see Matter of Young v Keyser, 136 AD3d at 1085; Matter of Messiah v New York State Dept. of Correctional Servs., 52 AD3d 1133, 1133 [2008]). Petitioner's contention that he did not intend to convey a written message of a personal nature presented a credibility issue for the Hearing Officer to resolve (see e.g. Matter of Wigfall v New York State Dept. of Corr. & Community Supervision, 160 AD3d 1332, 1333 [2018]).
We reject petitioner's argument that he was denied his right to call a witness at the hearing. Although petitioner requested testimony from a food service administrator to corroborate his contention that he had been harassed by another correction officer not involved in the incident, this witness neither observed nor had firsthand knowledge of the incident, and the witness's testimony would have therefore been irrelevant to the harassment charge against petitioner (see Matter of Bradshaw v Annucci, 163 AD3d 1380, 1381 [2018]; Matter of Mena v Bedard, 117 AD3d 1275, 1275 [2014]). Petitioner's remaining contentions, including his assertion that he was denied the right to present certain documentary evidence, have been examined and found to be lacking in merit.
Garry, P.J., Lynch, Mulvey, Aarons and Rumsey, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of stalking; petition granted to that extent and respondent is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.