Matter of Sylvester v Venettozzi (2019 NY Slip Op 06042)





Matter of Sylvester v Venettozzi


2019 NY Slip Op 06042


Decided on August 1, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 1, 2019

528111

[*1]In the Matter of PETER SYLVESTER, Petitioner,
v
DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: June 21, 2019

Before: Garry, P.J., Lynch, Mulvey, Aarons and Pritzker, JJ.


Peter Sylvester, Alden, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
During a search of petitioner's cell, several draft letters were found that, among other things, sought to solicit businesses to apply for consideration as secured vendors in the Department of Corrections and Community Supervision's pilot inmate package program. As a result, petitioner was charged in a misbehavior report with unauthorized solicitation of goods or services, possessing contraband and violating facility correspondence procedures. Following a tier III disciplinary hearing, petitioner was found guilty as charged. The determination was affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.
Initially, respondent concedes, and upon reviewing the record we agree, that substantial evidence does not support that part of the determination finding petitioner guilty of violating facility correspondence procedures (see Matter of Telesford v Annucci, 166 AD3d 1155, 1156 [2018]; Matter of Young v Keyser, 136 AD3d 1084, 1084 [2016]; Matter of Gantt v Fischer, 85 AD3d 1472, 1472-1473 [2011]). However, as no loss of good time was imposed and petitioner has already served the penalty, the matter need not be remitted for a reassessment of the penalty (see e.g. Matter of White v Annucci, 169 AD3d 1326, 1327 [2019], lv dismissed 33 NY3d 1048 [2019], lv denied 33 NY3d 908 [2019]).
Turning to the balance of the determination, the misbehavior report, related documentary evidence, including the confiscated letters, and the hearing testimony provide [*2]substantial evidence to support the determination of guilt (see Matter of Killimayer v Venettozzi, 149 AD3d 1456, 1457 [2017]; Matter of Boykin v Prack, 137 AD3d 1393, 1394 [2016]). Petitioner's denial of the charges and his contention that he was allowed to possess the confiscated letters in his capacity as a member on the inmate liaison committee created credibility issues for the Hearing Officer to resolve (see Matter of Killimayer v Venettozzi, 149 AD3d at 1457; Matter of Simmons v LaValley, 130 AD3d 1126, 1127 [2015]; Matter of McCall v Annucci, 123 AD3d 1267, 1268 [2014]). Moreover, as "[i]nmates involved in attempts or conspiracies to violate institutional rules of conduct . . . will be punishable to the same degree as violators of such rules" (7 NYCRR 270.3 [b]), we reject petitioner's contention that the charges cannot be sustained because there was no proof presented that petitioner had actually solicited any businesses to participate in the secured vendor program (see Matter of Douglas v Annucci, 153 AD3d 1014, 1015 [2017]; Matter of Killimayer v Venettozzi, 149 AD3d at 1457; Matter of Gomez v Fischer, 89 AD3d 1341, 1341 [2011]). We have considered petitioner's remaining procedural claims, including his contention that he received inadequate employee assistance, and, to the extent that they are preserved for our review, find that they are without merit.
Garry, P.J., Lynch, Mulvey, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.