Matter of Washington v Venettozzi (2020 NY Slip Op 05115)





Matter of Washington v Venettozzi


2020 NY Slip Op 05115


Decided on September 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 24, 2020

530666

[*1]In the Matter of Daniel Washington, Petitioner,
v
Donald Venettozzi, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondents.

Calendar Date: September 4, 2020

Before: Garry, P.J., Egan Jr., Clark, Reynolds Fitzgerald and Colangelo, JJ.


Daniel Washington, Elmira, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
On February 15, 2019, a correction officer received information that a package containing roses, a vase and a stuffed bear had been sent to her former address. She was told that the package was from an individual named "Daniel." A few days later, in the course of her rounds at the prison, petitioner asked if she had enjoyed her Valentine's Day present. The officer reported this to the watch commander and an investigation ensued. The investigation revealed that the telephone number on the package was that of petitioner's sister. It was also discovered that, at the end of January 2019, petitioner had sent $200 to his sister from his inmate account. Petitioner was thereafter charged in a misbehavior report with stalking, harassment, possessing an employee's personal information, and refusing a direct order. Following a tier III disciplinary hearing, he was found guilty of all charges except for refusing a direct order. The determination was later affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.
We reject petitioner's assertion that substantial evidence does not support the determination of guilt. The detailed misbehavior report, the testimony of the correction officer who received the items, and the documentary evidence provide substantial evidence supporting the determination of guilt as to all three charges (see Matter of Williams v Keyser, 171 AD3d 1334, 1335 [2019]). The unsolicited gifts of a personal nature sent to the correction officer and petitioner's alleged statement constituted harassment (see Matter of Smith v Annucci, 173 AD3d 1596, 1597 [2019]; Matter of White v Annucci, 169 AD3d 1326, 1327 [2019], lvs denied 33 NY3d 908, 1048 [2019]; see also 7 NYCRR 270.2 [B] [8] [ii]). Contrary to petitioner's arguments, an inmate reasonably should know that the receipt of packages at an address associated with a correction officer would be likely to cause reasonable fear of material harm to his or her physical health, safety or property (see Matter of Castro v Fischer, 91 AD3d 1013, 1014 [2012]; see also 7 NYCRR 270.2 [B] [2] [v]). Further, it was not necessary to prove that petitioner physically possessed the correction officer's personal information; the rule broadly prohibits the solicitation or exchange of such information as well (see 7 NYCRR 270.2 [B] [14] [xvi]). Petitioner denied any wrongdoing and offered contradictory explanations for the disbursement to his sister, first asserting that it was for her assistance, and then later that it was for the purchase of items that he had received. This presented a credibility issue for the Hearing Officer to resolve (see Matter of Townsley v Rodriguez, 153 AD3d 1463, 1464 [2017]; Matter of Christian v Venettozzi, 114 AD3d 975, 975 [2014]).
Petitioner's procedural claims are without merit. The record does not disclose that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Allah v Venettozzi, 173 AD3d 1591, 1592 [2019]; Matter of Ayuso v Venettozzi, 159 AD3d 1208, 1210 [2018]). Despite petitioner's assertions, we find that the record before us is complete. The Hearing Officer's determination listed the evidence relied upon, which did not include the documents and correspondence sought by petitioner. Accordingly, we confirm.
Garry, P.J., Egan Jr., Clark, Reynolds Fitzgerald and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.