Matter of Loret v Venettozzi (2021 NY Slip Op 06906)





Matter of Loret v Venettozzi


2021 NY Slip Op 06906


Decided on December 9, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 9, 2021

532918
[*1]In the Matter of David M. Loret, Petitioner,
v
Donald Venettozzi, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date:November 12, 2021

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

David M. Loret, Dannemora, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with violating facility correspondence procedures, harassment, possessing an employee's personal information, possessing contraband and possessing money. According to the misbehavior report, a correction officer received a manilla envelope addressed to her purportedly from the Monroe County Bar Association, although its return address was incorrect. The letter initially appeared to be from a legal organization soliciting business, but it turned into a personal communication on the second page and contained a $55 money order. Two smaller enclosed envelopes contained a greeting card expressing apologies and requesting forgiveness, along with an empty peanut M & M candy wrapper, and a personal letter containing inappropriate content that referred to the correction officer as "angry lady." The misbehavior report indicates that the correction officer had previously reprimanded petitioner for trying to give her a package of peanut M & M candy and that petitioner had responded by calling her an "angry lady."
Following a tier III disciplinary hearing, petitioner was found guilty of all charges. Upon administrative appeal, that determination was modified by dismissing the charges of possessing contraband and possessing money, but was otherwise affirmed. This CPLR article 78 proceeding ensued.
Initially, respondent concedes, and our review of the record confirms, that the part of the determination finding petitioner guilty of possessing an employee's personal information is not supported by substantial evidence and must be annulled. Because the penalty has been served and no loss of good time was imposed, the matter does not need to be remitted for a redetermination of the penalty imposed on the remaining charges (see Matter of Daum v Sipple, 197 AD3d 1461, 1462 [2021]; Matter of Nix v Venettozzi, 196 AD3d 933, 933 [2021]).
As for the remaining charges, we find that the misbehavior report, related documentation and testimony at the hearing provide substantial evidence to support that part of the determination finding petitioner guilty of violating facility correspondence procedures and harassment (see Matter of Washington v Venettozzi, 186 AD3d 1866, 1867 [2020]; Matter of Williams v Keyser, 171 AD3d 1334, 1335 [2019]; Matter of Young v Keyser, 136 AD3d 1084, 1085 [2016]). We are unpersuaded by petitioner's contention that the misbehavior report is based upon generalities and conclusory allegations. The information regarding the correction officer's prior reprimand of petitioner for attempting to give her candy and his purported response created a credibility issue for the Hearing Officer to resolve (see Matter of [*2]Partak v Venettozzi, 175 AD3d 1633, 1634 [2019]).
We also find without merit petitioner's contention that he was improperly denied a witness and documentary evidence, which were requested to establish the correction officer's character. As set forth by the Hearing Officer at the hearing and on the refusal forms, neither testimony from an incarcerated individual regarding his prior unrelated interaction with the correction officer nor the correction officer's disciplinary record and oath of office were relevant to the charges (see Matter of Bonds v Annucci, 166 AD3d 1250, 1251 [2018]; Matter of Barca v Fischer, 80 AD3d 1038, 1038 [2011], lv denied 16 NY3d 711 [2011]; Matter of Caraway v Herbert, 285 AD2d 778, 778-779 [2001]). We have reviewed petitioner's remaining contentions, including his challenge to the hearing extension and his claim that the Hearing Officer was biased and, to the extent preserved, find them to be without merit.
Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing an employee's personal information; petition granted to that extent and the Commissioner of Corrections and Community Supervision is directed to expunge all references to that charge from petitioner's institutional record; and, as so modified, confirmed.